# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**versus**                                      **NO. 04-017**

**JOHN JOHNSON**                                **SECTION "C" (6)**
**HERBERT JONES, SR.**
**JOSEPH SMITH**

## ORDER AND REASONS

Before the Court is Defendant Joseph Smith's Motion to Exclude Evidence of a Twenty-Eight

Year-Old Robbery Conviction, which the Government purports to use in support of the statutory

aggravating factor under 18 U.S.C. § 3592(c)(2) (a conviction "involving the use or attempted or

threatened use of a firearm against another person").[1] (Rec. Doc. 261).  Co-defendant John Johnson

was allowed to adopt the arguments set forth in Smith's Motion with respect to two armed robbery

---

[1] The Government states that it will introduce evidence of a conviction of Mr. Smith for armed robbery, which purportedly occurred in Texas in 1981.  Defendant states that the conviction at issue occurred in 1977 when he pleaded guilty to the charge.  The Court finds it unnecessary at present to resolve this issue of fact.

his prior convictions .[2]  (Rec. Doc. 250, 251).   On July 17, 2005, the Court held oral argument on

Smith's Motion and took it under submission.  (Rec. Doc. 302).  Having considered the Motion, the

supporting and opposing memoranda thereto, the parties' oral arguments, and the applicable law, the

Court hereby DENIES Defendant's Motion.  To the extent Johnson adopted Smith's Motion, that

Motion is also DENIED.

## I.      Law and Analysis

The Government contends that § 3592(c)(2) of the FDPA clearly provides, without temporal

limitation, that a prior conviction "involving the use or attempted or threatened use of a firearm

against another person" can be introduced as an aggravating factor. While conceding the mandate

under § 3592(c)(2), Defendant asks the Court to exercise its discretion under 18 U.S.C. § 3593(c) and

exclude the *underlying evidence* of the previous conviction at issue because it is too remote and will

create a risk of prejudice and confusion.  Defendant asserts that in other contexts, staleness factors

into the analysis when balancing the probative value versus the prejudicial effect of an old

conviction.[3]

It is a canon of construction that a district court must not parse the language of a statute to

arrive at a different meaning when a reasonable interpretation is available that "avoids internal

inconsistency."  *See Carrieri v. Jobs.com, Inc*., 393 F.3d 508, 518 n.11 (5th Cir. 2004). While the

_____

[2] As to Defendant Johnson, the Government seeks admission of evidence of a 1974 armed robbery conviction and a 1983 bank robbery conviction in support for the § 3592(c)(2) statutory aggravator.

[3] *See*, *e.g.*, UNITED STATES SENTENCING MANUAL § 4.A1.2(e) (providing an outer limit of either ten or fifteen years on the use of prior convictions when computing a sentence); FED. R. EVID. 609 (restricting the use of prior convictions for impeachment of witnesses to those that date back no more than ten years); *United States v. Fields*, 871 F.2d 188, 197-198 (1 st Cir. 1989) (noting that "if the acts admitted under [FED. R. EVID. R.] 404(b) are too remote in time, this substantially weakens the probative value and weighs in favor of exclusion).

Court has discretionary authority to exclude unfairly prejudicial evidence under § 3593(c),[4] to do so here would undermine the apparent Congressional intent to permit the Government to use a firearms-related conviction as a statutory aggravator with no time restrictions.  Under Defendant's statutory interpretation of the two pertinent FDPA provisions, the Court would recognize that remote convictions could be used as a statutory aggravator under § 3592(c)(2), and without saying so the Court would be allowed to exclude under § 3593(c) the underlying evidence of that same conviction.

The Court rejects such an awkward and inconsistent reading of the statute.  As mentioned above, the reasonable interpretation of § 3592(c)(2) is that the statute contains no time restrictions because Congress intended there to be none.  The Court is persuaded by the case law surrounding the Career Criminals Amendment Act ("CCAA") and the Armed Career Criminal Act ("ACCA"), neither of which contains any temporal restrictions based on a plain reading of the statutes.  In *United States v. Blankenship*, 923 F.2d 1110, 1118 (5th Cir. 1991), the Fifth Circuit rejected an implicit temporal restriction in the CCAA:  "There is no indication, either in the statute or in the legislative history, that Congress intended to include a temporal restriction in [18 U.S.C. § 924(e)(1)].  We refuse to construct such a restriction out of nothing."  *Blankenship*, 923 F.2d at 1118.  *See also United States v. Preston*, 910 F.2d 81, 89 (3rd Cir. 1990)(refusing to impute staleness doctrine when considering sentence enhancement under the CCAA because plain language in 18 U.S.C. § 924(e) places "no restriction on how recent prior convictions for violent felonies must be in order to be considered for enhancing a defendant's sentence. . .");  *United States v. Presley*, 52 F.3d 64 (4th Cir.1995) (applying similar "plain language" statutory interpretation to the ACCA in finding no temporal limitation on prior convictions).

---

[4] "[I]nformation may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c).

Accordingly, a categorical approach to the FDPA's § 3592(c)(2) appropriately precludes the Court from constructing a time limitation on firearms-related prior convictions when considering the introduction of the statutory aggravating factor. The Court notes, however, that the Defendants are free to take advantage of the staleness doctrine to question the weight of the factor during the mitigation phase should either case advance to the second penalty stage.  The arguably slight probative value of a twenty-eight year old conviction[5] may be asserted in tempering the Government's position that a previous fire-arms conviction aggravates the current offenses.

Accordingly, IT IS ORDERED that Defendant's Motions both be DENIED.  To the extent Johnson adopted Smith's Motion, that Motion is also DENIED. The Government may use the Defendants' respective prior firearms-related convictions despite any alleged remoteness in time.

New Orleans, Louisiana, this 8th  day of August, 2005.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[5] In Defendant Johnson's case, staleness would obviously be determined with respect to the 1974 and 1983 convictions.

4