UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL  ACTION

v.                                                NO. 04-17

JOSEPH SMITH                                      SECTION "C" (1)

ORDER AND REASONS

The defendant, JOSEPH SMITH, has moved to strike as a statutory aggravating factor a

prior conviction allegedly involving the use of a firearm.   For the reasons stated below, the

motion is GRANTED.


The Conviction

The government has proposed as a statutory aggravating factor that defendant SMITH

was previously convicted of a crime "involving the use or attempted or threatened use of a

firearm against another person."   18 U.S.C. §3592(c).  The conviction in question is a 1977

guilty plea by Smith to the offense of Robbery under Texas state law.  At the time of Smith's

guilty plea in 1977, the Texas statutory definition of Robbery was as follows:

> (a) A person commits an offense if, in the course of committing theft as defined in
> Chapter 31 and with intent to obtain or maintain control of the property, he:
>
>   (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
>   (2) intentionally or knowingly threatens or places another in fear of imminent
> bodily injury or death.

1

V.T.C.A., Penal Code  § 29.02.

Smith's formal charge  tracked nearly verbatim  the elements of the Robbery statute.  The Bill of Information alleged that "Joseph Smith....while in the course of committing theft and with the intent to obtain and maintain control of property of Nora Bitoni, to wit: money of the United States, did then and there intentionally and knowingly threaten Nora Bitoni, with imminent bodily injury and death and intentionally and knowingly place Nora Bitoni in fear of imminent bodily injury and death."  Rec. Doc. 557,  Exh. D.

Use or attempted use or threatened use of a firearm is not an element of Robbery under Texas law.  Nor do the records of conviction indicate in any way that Smith admitted to the use of a firearm as part of the factual basis to the plea.   The government conceded as much at oral argument in October, 2006.

Smith was originally arrested on a charge of Aggravated Robbery.  Rec. Doc. 557,  Exh. B.  The Texas statutory definition of Aggravated Robbery subsumes the offense of Robbery and states in relevant part that:

(a) A person commits an offense if he commits robbery as defined in Section 29.02, and he:

.... (2) uses or exhibits a deadly weapon.....

 The government contends the 1977 offense was committed in fact with a firearm and wants to introduce evidence to that effect to prove the statutory aggravating factor of a prior conviction involving the use or threatened use of a firearm against another person.  Smith opposes.

2

Arguments by the Parties

Smith's first argument is simply that he was neither formally charged nor convicted of an offense involving a firearm because the firearm was not an element of the offense to which he pled nor was it mentioned in either the charging documents nor the guilty plea papers.   His second argument, related to the first, is that courts in noncapital cases have applied a "categorical" approach to predicate offenses, considering only the definition of the offense and the fact of conviction, and not looking to underlying facts or other evidence, and that the same approach is appropriate here.   Third, Smith argues that the statute is at best ambiguous as to whether the use of a firearm has to be an essential element, hence the doctrine of lenity calls for the more restrictive interpretation.

The government responds that the "categorical approach" is inapplicable to capital sentencing, citing *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003) and *United States v. Chong*, 98 F.Supp. 2d 1110 (D.C. Haw. 1999).   Those decisions reference 18 U.S.C. § 3593(c), which states that the government "may present any information relevant to an aggravating factor...," and point out the Supreme Court's requirement of individualized sentencing procedures, citing  *Jurek v. Texas*, 428 U.S. 262 (1976) and *Zant v. Stephens,*  462 U.S. 862 (1983).

Analysis

As noted in the cases cited by Smith, federal courts commonly use the "categorical approach" to assessing predicate offenses for purposes of sentencing enhancements in noncapital cases under the Federal Sentencing Guidelines.  *United States v. Pierce*, 278 F.3d 282, 286 (4th

Cir. 2002)(in determining whether a predicate offense was a "crime of violence" for purposes of sentence enhancement, courts should consider only the definition of the offense and the fact of conviction; if the definition of the crime is ambiguous as to violence, the court can then look to the charging document and the jury instructions; the inquiry, however, must never involve an inquiry into the facts previously presented or tried); *United States v. Luster*, 305 F.3d 199 (3rd Cir. 2002)(same)*; United States v. Kirksey*, 138 F.3d 120 (4th Cir. 1998)(same).

The same rationale was previously adopted by the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990).   In that decision, the Supreme Court dealt with the meaning of the word "burglary" in a prior conviction, which, like the analogous crime of violence under the Guidelines, was permissible to enhance a sentence under the Career Criminal Amendment Act of 1986, 18 U.S.C. § 924(e).   The Supreme Court concluded that the categorical approach to the predicate offense was appropriate, citing the language and legislative history of the statute, as well as practical considerations.

The threshold question then is whether the categorical approach is appropriate for *capital* sentencing procedures.

Capital sentencing consists of two distinct phases.  The first is the *eligibility* phase, the purpose of which is to narrow the pool of defendants exposed to capital punishment, even though convicted of the underlying crime.  This narrowing is done by requiring the government to present evidence of requisite intent and at least one statutory aggravating factor.  *Zant,* 462 U.S. at 878,  ("[S]tatutory aggravating circumstances play a constitutionally necessary function...: they circumscribe the class of persons eligible for the death penalty.").  Only if the jury finds intent and at least one statutory aggravating factor beyond a reasonable doubt is the defendant

exposed to the possibility of the death penalty.  If the jury so finds, then the *selection* phase follows during which additional nonstatutory aggravating factors are admissible as well as mitigating factors on behalf of the defendant.  "What is important at the selection stage is an *individualized* determination on the basis of the character of the individual and the circumstances of the crime."  *Id.* at 879 (emphasis added).

Since statutory aggravating factors act as a gateway to death penalty eligibility, they "operate as 'the functional equivalent of an element of a greater offense.'"  *Ring v. Arizona*, 536 U.S. 584, 609 (2002).   Finding at least one statutory aggravating factor beyond a reasonable doubt is necessary for the jury to even consider the death penalty.  Without a valid statutory aggravating factor, the maximum sentence Smith would face is life imprisonment.   For this reason, statutory aggravating factors, unlike nonstatutory aggravating factors, must be alleged in the indictment and proven to a jury beyond a reasonable doubt.  This is constitutionally required, based on the Sixth Amendment. Since statutory aggravating factors are gateway factors intended to narrow the pool of capital eligible defendants and since they act as the "functional equivalent of an element of a greater offense," this Court concludes that the categorical approach is appropriate with respect to those factors that involve a prior conviction.   This means that for a prior conviction "involving the use or attempted or threatened use of a firearm" to be used as a statutory aggravating factor, the use or attempted or threatened use of the firearm must be either an element of the offense charged or otherwise established as proven or conceded during the underlying criminal case.

The Court recognizes that 18 U.S.C. § 3593(c) does provide in general that "any information relevant to an aggravating factor" is admissible, subject to balancing against unfair

prejudice, confusion of the issues or misleading the jury.  For the constitutionally based reasons stated already, however, this Court finds that with respect to convictions alleged as *statutory* aggravating factors, the categorical approach is still appropriate.

Furthermore, even apart from the applicability of the categorical approach, the Court finds that allowing the government to introduce evidence against Smith of the use of a firearm to prove up the statutory aggravating factor would create unfair prejudice to Smith as envisioned by § 3593 and by the United States Supreme Court in *Taylor*, *supra*.

> ...in cases where the defendant pleaded guilty, there often is no record of the underlying facts.  Even if the Government were able to prove those facts, if a guilty plea to a lesser,  nonburglary offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to burglary.

*Id.* at 601-602.

Although Smith was originally charged with Aggravated Robbery, what he specifically pled guilty to was the lesser offense of Robbery.  In effect, he pled out from the alleged use of a firearm.  Now the government wants to have the benefit of the guilty plea,  as a conviction is necessary for the statutory aggravating factor in question,  but at the same time disregard the bargained for benefit Smith received from the plea, which was the dropping of the firearm element.  To allow the government to cherry pick the prior conviction to use only what it wishes to use and deny Smith the benefit he received from the same plea is simply unfair.   In addition to this undue prejudice under § 3593(c), introducing evidence to in effect prove up a charge that was dismissed by the Texas prosecutors years ago  would be confusing to the jury.

The government is correct that the decisions in *Chong, supra,* and *Higgs, supra*, are contrary to this conclusion.  In *Chong*, the defendant was charged with a capital offense and

contended that any prior conviction, be it as a  statutory or nonstatutory aggravating factor, had
to be limited to a certified copy of the conviction with no factual development.   The court
rejected the argument.   The court cited 18 U.S.C. § 3593(c), noted above, which the court found
distinguished capital sentencing from the categorical approach taken in noncapital sentencing.
The court also quoted the Supreme Court's requirement of "particularize(d) capital sentencing
proceedings." *Id.* at 1120, citing *Jurek,* 428 U.S. at 276.  Finally, that court noted that the
Federal Death Penalty Act is a "weighing statute" so that the jury must be aware of the
underlying circumstances of the prior convictions in order to properly weigh the information in
aggravation and mitigation. *Id.* at 1120.

       In addition to concluding that the categorical approach is applicable to statutory
aggravating factors involving prior convictions, this Court respectfully disagrees with *Chong*
that information underlying such a conviction, as least with respect to statutory factors, is
admissible in order to individualize a capital sentence or to contribute to the weighing of
aggravating and mitigating factors.   Statutory aggravating factors are relevant to the *eligibility*
phase of capital sentencing, which is to narrow the pool of offenders eligible for death.  It is at
the *selection* phase that the individualization of the sentencing occurs, likewise the weighing of
the aggravating and mitigating circumstances to determine whether a death sentence should in
fact be imposed.   To that extent, this Court respectfully disagrees with *Chong* and considers its
rationale inapplicable.

       In  *Higgs*, the defendant, charged with capital murder, had previously pled guilty to
assault and reckless endangerment.  The government sought to introduce this conviction as a
statutory aggravating factor of a prior conviction involving a firearm.  Noteworthy is that at that

7

plea colloquy, the prosecutor stated that Higgs had fired a .38 caliber handgun and the co-defendant fired a 9 mm handgun.  Higgs responded that he "didn't have a .38.  It was the other way around."  *Id.* at 316.  The conviction was admitted.   On appeal, defense counsel argued for the categorical approach, looking only at the fact of conviction and the statutory definition to determine if a firearm was involved.  Use of a firearm was not a specific element of assault under the Maryland statute.   The appellate court found no error in admitting the earlier conviction.  It stated that because the language of 18 U.S.C. § 3592(c)(2) "quite plainly requires only that the previous conviction 'involv[e] the use or attempted or threatened use of a firearm,' it authorizes and likely requires the court to look past the elements of the offense to the offense conduct.'"  *Id.* It then cited *Chong* and the need for "individualized" sentencing in death cases, referencing *Zant, supra.*   For the reasons noted above with respect to *Chong*, the issue of individualized sentencing is simply not at play in the eligibility phase of a capital sentencing.  As for that court's conclusion that the language of 18 U.S.C. § 3592(c)(2), "authorizes and likely requires" looking past the elements to the offense conduct, this Court finds no such assumption in that language.  *Id.*  Significantly too, *Higgs* is clearly distinguishable since the defendant apparently admitted as part of the guilty plea colloquy that he in fact fired a gun, disagreeing only on which gun was attributed to him.

The Court concludes that the categorical approach is appropriate in dealing with prior convictions alleged as statutory aggravating factors.   Furthermore, even apart from the applicability of the categorical approach, the Court concludes that in this case allowing evidence of Smith's use of a firearm to prove the statutory aggravating factor alleged, in light of Smith's guilty plea to a lesser charge which did not have firearm use as an element nor as part of the

8

factual basis of the plea,  would be unfair, unduly prejudicial and confusing to the jury.

Accordingly,

IT IS ORDERED that the motion to strike statutory aggravating factor of prior state

"offense involving firearm" filed by Joseph Smith is GRANTED.  (Rec. Doc. 416).

New Orleans, Louisiana, this 5th day of September, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE